RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Amanda Grullon,                                   :
                                                  :
                         Plaintiff,               :         **20-CV-2955**
                                                  :
         --against—                               :
                                                  :
Hapisgah of Flushing, Inc., Moshe Lifshitz, as an :
individual,                                       :
                                                  :
                         Defendant.               :
------------------------------------------------------------------------X

Plaintiff, AMANDA GRULLON, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, HAPISGAH OF FLUSHING, Inc., and MOSHE LIFSHITZ, as an individual, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to

pay minimum wage and by failing to pay plaintiff for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the corporate defendants are located at 45-32 159th Street, Flushing, NY, in the Eastern District of New York, and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff AMANDA GRULLON to perform the following duties as a waitress from on or about October 2016 through February 27, 2020: taking customer orders, delivering food and beverages to seated customers, providing information about the menu, and collecting payment from customers.

8. Plaintiff was not exempt from the FLSA.

9. Defendants employed Plaintiff approximately 5 days per week, for approximately 30 hours per week.

10. Defendants paid plaintiff the tip credited minimum wage, although Defendants were not entitled to take such a tip credit.

11. Defendants never provided Plaintiff with a notice concerning her tip credit, which forfeits the tip credit.

12. Defendants took Plaintiff's tips and used them to pay minimum wage employees, which forfeits the tip credit.

13. Plaintiff was not permitted an uninterrupted half hour for required meal breaks during her shift.

14. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

15. Plaintiff's hourly wage was not indicated on her paystubs.

16. Plaintiff worked in the Hospitality industry and was subject to the Hospitality regulations.

17. Defendants required Plaintiff to work in a tip share arrangement, where Defendants required Plaintiff to pay 4% of her gross receipts to the Defendants or "the house."

18. Contrary to 22 NYCRR 146-2.15, Defendants required Plaintiff to give her tips to the house, rather than directly tipping the bussers directly.

19. Upon receiving the tips from Plaintiff, Defendants diverted that tip money to pay the hourly minimum wage to the bussers and, therefore, Defendants did not share Plaintiff's tips, *qua* tips, with any other employees.

20. Defendants charged Plaintiff for walkouts on more than one occasion.

21. Defendants charged Plaintiff 50% of the menu price for wrong orders.

**Defendants**

22. Defendant **HAPISGAH OF FLUSHING, Inc.** is a New York corporation with its principal executive office located at 147-25 Union Tpke, in Flushing, Queens.

23. Defendant **HAPISGAH OF FLUSHING, Inc.** is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including bagels, butter, bread products, dry goods, napkins, and beverages, and (2) an annual gross volume of sales in excess of $500,000.

24. **HAPISGAH OF FLUSHING, Inc.**  is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiffs.

25. At all relevant times, **MOSHE LIFSHITZ** has maintained control, oversight, and direction over plaintiff.

26. Defendant **MOSHE LIFSHITZ** is an owner and/or officer of **HAPISGAH OF FLUSHING, Inc.** who exercises sufficient control over **HAPISGAH OF FLUSHING, Inc.'s** operations and **HAPISGAH, Inc.'s** operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

27. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

28. Defendants suffered or permitted plaintiffs to work and did not compensate plaintiffs at the minimum wage required under New York State Law.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

29. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

30. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

31. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

32. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

33. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

34. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

35. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

36. Defendants have failed to pay plaintiff minimum wages to which she is entitled under the FLSA.

37. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

39. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

40. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

41. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

42. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

43. At all times relevant, plaintiffs have each been an employee of defendants, and defendants have been employers of plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

44. Defendants have failed to pay plaintiff the minimum wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

45. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

47. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

48. Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

49. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

50. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

51. Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

53. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Disgorgement of Tips)**

54. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

55. Pursuant to the New York Labor law, defendants are required to pay all tips received by Plaintiff to Plaintiff, or to tip out other waitstaff who are directly involved in food service.

56. Since Plaintiff worked a tip share, Defendants were not permitted to handle Plaintiff's tip money, pursuant to 22 NYCRR § 146-2.15.

57. Defendants used Plaintiff's tip money to pay the minimum wage for the bussers, in violation of New York Labor Law.

58. Defendants did not provide any notices to Plaintiff about the tips received as required by 22 NYCRR 146-2.17, nor any accounting for the receipt or distribution of said tips.

59. Defendants' conduct violates the New York Labor Law because Defendants unlawfully retained tips meant for Plaintiff, and did not re-distribute them in accordance with the New York Labor Law.

60. Defendants also deducted 4% of Plaintiff's gross receipts to redistribute to the bussers as and for the minimum wage of the bussers, which amount was more than "customary and reasonable" as set forth in 22 NYCRR § 146-2.14(f).

61. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the tips that were unlawfully deducted from Plaintiff's pay and/or not distributed to Plaintiff, liquidated damages, as

well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevention Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding plaintiff damages for all unpaid wages;

g. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. disgorgement of unlawfully retained and redistributed tips, as set forth in the NYLL;

k. issuing a declaratory judgment that the practices complained of in this Complaint

are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

l. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

m. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

n. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

o. awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         July 3, 2020

                                        RAYMOND NARDO, P.C.

                                  By:   _____
                                        RAYMOND NARDO, ESQ.
                                        129 Third St
                                        Mineola, NY 11501
                                        (516) 248-2121
                                        raymondnardo@gmail.com
                                        *Counsel for Plaintiff*