# RAYMOND NARDO, P.C.

### ATTORNEY AT LAW

**129 THIRD STREET, MINEOLA, NY 11501**

**Phone: (516)248-2121 | Fax: (516)742-7675 | Email Raymondnardo@gmail.com**

June 7, 2021

**VIA ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    **Grullon v. Hapisgah of Flushing Inc.**
             **Case No.: 20-cv-02955 (RRM)(SJB)**

Dear Magistrate Judge Merkl:

     I represent plaintiff in the above-captioned matter. I write on behalf of all parties to respectfully request that Your Honor approve the Parties' settlement and dismiss this matter with prejudice. After informal discovery and extensive negotiations between experienced counsel, and a mediation before Barry J. Peek, Esq., the Parties have resolved this matter. Attached as **Exhibit 1** is a copy of the Settlement Agreement executed by all parties.

### I.  Legal Standard

     As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Court must review and scrutinize the proposed agreement to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

     While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and counsel fees exceeding 40%. *Cheeks*, 796 F.3d at 206. This agreement contains no such red-flags: (i) the release contained in the agreement is not overbroad; (ii) there is no requirement for confidentiality, and (iii) attorney's fees are less than the contracted 1/3 of the settlement amount. The settlement falls within the range of reasonableness, in light of the best possible recovery and the risks of litigation and collection, and therefore should be approved.

     Furthermore, the settlement is arms-length between experienced counsel, assisted by Mediator Barry J. Peek, Esq. All Parties are represented by counsel highly experienced in this field. I have more than 30 years of experience in Employment Law. My practice focuses on

RAYMOND NARDO P.C.

employment law on behalf of both employees and employers, with an emphasis on wage and hour and employment discrimination cases, and I have successfully prosecuted and defended scores of FLSA actions.  Likewise, defense counsel has more than 20 years of experience in Employment Law and has also defended scores of FLSA actions.

## II.   Settlement Between Plaintiffs and Defendants is Objectively Fair, Adequate and Reasonable

Pursuant to the terms of the Parties' Settlement Agreement, Defendants are paying the total sum of $45,000.

Plaintiff worked for Defendants from approximately October 2104 through February 2020.  Plaintiff worked as a waitress.  Defendants paid Plaintiff the tip credited hourly rate of pay.  Plaintiff alleges that Defendants should forfeit the tip credit because Defendants (1) did not provide a proper wage notice;  (2) did not provide proper paystubs listing the hourly rate of pay; and (3) took 4% of Plaintiff's receipts which were used to pay the wages (not tips) of bussers. As a result, Plaintiff calculated approximately $27,556 in lost wages based on forfeiture of the tip credit, and an additional $60,000 based on the disgorgement of the 4%.  In addition, Defendants violated the Wage Theft Prevent Act ("WTPA") and would owe $10,000 in WTPA penalties.

Plaintiff's calculations are based on an optimistic, best-case scenario outcome, and assume that all of the disputed facts alleged by Plaintiff are entirely correct, and that Plaintiff would prevail on all claims.  For instance, Defendant disputes the forfeiture of the tip credit, and that there should be any disgorgement based on the 4% of receipts which were disbursed to the bussers.  Further, if Defendants prevailed on the argument that it acted in good faith, and did not willfully violate the FLSA, Plaintiff would not be entitled to liquidated damages.  By settling this case, Defendants do not admit any wrongdoing or liability.

Plaintiff considers the settlement amount to be a favorable recovery. Plaintiff will be able to obtain a significant recovery, without having to face the risks of trial.  Plaintiff's circumstances are such that she believes it to be in her best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, which obtains more than the back wages owed (not including the disgorgement claim), while eliminating the risks of trial.

Moreover, Defendants' restaurant has been adversely impacted, and will continue to be adversely impacted, by the novel Coronavirus, which forced a prolonged shutdown.  Plaintiff understands that there is a risk that Defendants' restaurant, like many other restaurants and small businesses, may cease to exist by the time this matter goes to trial, especially since any such trial would be delayed due to the impact of the novel Coronavirus on court dockets.

Defendants believe that the settlement is fair and reasonable because it will enable the Parties to avoid further anticipated burdens and expenses, including motion practice, trial, and counsels' fees, which would be significant if the case were to go to trial.  Additionally, the

RAYMOND NARDO, P.C.

Defendants have considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiff were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, the Defendants believe the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel, with the aid of Mediator Barry J. Peek, Esq.

### III. The Costs and Attorney's Fees are Fair and Reasonable[1]

Pursuant to the Settlement Agreement and agreement between Plaintiff and Counsel, of the $45,000 settlement amount, $15,000 is allocated to Plaintiff's counsel. Plaintiff's counsel incurred costs of $925 for filing fees, service, and mediation, which means that the actual counsel fee of $14,075 (*sans* costs) amounts to approximately 31% of the overall settlement. Plaintiff agreed, upon retaining counsel, to pay one-third of the settlement as a counsel fee. Timesheets are attached as **Exhibit 2**. They show counsel fees and costs of $8,870 for the undersigned. The award of counsel fees to be paid to Plaintiff's counsel would be a multiplier of 1.7. "[C]ourts in the Second Circuit have often 'award[ed] lodestar multipliers between two and six.'" *Bondi v. DeFalco*, 2020 WL 2476006 at *7 (S.D.N.Y. 2020). In fact, "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers." *Beckman v. KeyBank N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Also, courts favor early settlement, and disallowing multipliers would discourage early settlements. As set forth in *Martinez v. SJG Foods, LLC*, 2017 WL 4676828 at *2 (S.D.N.Y. 2017)(internal citations omitted), "given the swift resolution of this case and the Court's desire to avoid 'creat[ing] a disincentive to early settlement, the requested fees are reasonable.'"

The rate of $450 per hour is reasonable for Plaintiff's counsel, who graduated from the New York University School of Law in 1990 and was admitted to the New York State Bar in February 1991. After working at Rains & Pogrebin, P.C., which was *exclusively* dedicated to the practice of Labor & Employment Law, including Fair Labor Standards Act ("FLSA") cases, Plaintiff's counsel was self-employed as a sole practitioner, concentrating in Labor & Employment Law. Approximately 90% of his practice is devoted to Labor and Employment Law, with the majority of that currently devoted to FLSA cases.

Plaintiff's counsel tenders more than 29 years of experience in Labor and Employment Law, and has published four articles in the field: St. Mary's Honor Center v. Hicks: Burst Bubble in Employment Discrimination, New York Law Journal, p.1, Aug. 9, 1993; Evidentiary Issues in Discrimination Litigation, Vol. IX, No.2 of the Journal of the Suffolk Academy of Law, pp.139-155, (1994); Panel Clears At-Will Employees Civil Rights Suits, New York Law Journal, p.l., August 14, 2000; Supreme Court Rejects 'Pretext Plus' for Discrimination Cases, Vol. 26 No. 1 Spring 2001, Labor & Employment Law Newsletter, p. 19.

---

[1] For the purposes of this settlement only, Defendants take no position with respect to the reasonableness of counsel's request for attorneys' fees.

RAYMOND NARDO, P.C.

In addition, Plaintiffs' counsel is on the faculties, and frequently lectures for, the National Business Institute (NBI) and the National Academy of Continuing Legal Education (NACLE). He is also on the NYU Labor Center Advisory Board and has lectured for the Federal Judicial Conference.

Employees who are defrauded of wages typically cannot afford reasonable hourly rates, and  many sole practitioners are unwilling risk their time and efforts to vindicate the rights of disenfranchised employees.  The plaintiff in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf.  Due to these circumstances, plaintiff's counsel represented plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

Plaintiff's counsel's hourly rate has been approved at rates between $375 and $450 per hour in court, and $500 per hour in arbitration.  The requested rate of $450 per hour, given his expertise and experience, is fair.  While some courts may require that a judge assess the reasonableness of the fee award, *see Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 336 (S.D.N.Y. 2012), others defer to the contract between the plaintiff and his or her counsel. *Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney").  The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract.

*Mitchell*, 495 U.S. at 90.  Similarly, in *Cheeks*, the Second Circuit Court of Appeals noted that the duty to pay wages falls upon the employer -- not the employee's counsel who labored for an agreed-upon fee.  In *Cheeks*, the Second Circuit expressly noted "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F.3d at 207.  *Cheeks* only requires a court to review "adequate documentation" of the fee, which is submitted herein, and a review of the settlement amount that the employer is paying to the employees. *Id.* at 206.  *Cheeks* is in full accord with *Mitchell*, where the Supreme Court limited its view to what the "losing defendant must pay," and approved the plaintiff's counsel's fee based upon the private contract between the

RAYMOND NARDO, P.C.

Parties, without intruding into the relationship between plaintiff and counsel. *See Mitchell*, 495 U.S. at 89.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery).   However, 1/3 is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020).  According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.*

In view of the foregoing, the Parties respectfully request jointly that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

Respectfully submitted,

RAYMOND NARDO, P.C.
Counsel for Plaintiff

By: ___/s/___ Raymond Nardo, Esq.
    RAYMOND NARDO, Esq.
129 Third Street
Mineola, NY 11501
(516)248-2121
raymondnardo@gmail.com

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
Counsel for Defendant

By: ___/s___ Carmelo Grimaldi, Esq.
    CARMELO GRIMALDI, Esq.
190 Willis Ave.
Mineola, NY 11501
CGrimaldi@meltzerlippe.com

RAYMOND NARDO, P.C.